Dukhan Byrd
404 S Boulder Hwy
Henderson, NV 89015
(725) 400-6077
Fidelitya1enterprises@gmail.com
Pro Se Plaintiff



**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| Dukhan Byrd, | **Case No. A-22-851152-C** |
| vs. | |
| REDROCK FINANCIAL SERVICES, LLC; STEVEN B. SCOW; KERRY P. FAUGHNAN; KNOCH & SCOW LLC; STERNS LENDING LLC; STATE OF NEVADA; CLARK COUNTY DISTRICT COURT; мTC FINANCIAL INC.; MORTGAGE ELECTRONIC REGISTRATION SERVICES; FREEDOM MORTGAGE CORPORATION; TRUSTEE CORPS | COMPLAINT 2:26-cv-01897-RFB-BNW |
| Defendants | |

## OBJECTION TO FAILURE TO RESPOND, NOTICE OF FRAUDULENT CONCEALMENT, AND SUBSTANTIVE FEDERAL CLAIM FOR VIOLATION OF CONSTITUTIONAL RIGHTS, RICO, AND DEMAND FOR RELIEF

Statement of Constitutional Emergency

This matter presents an immediate and ongoing deprivation of constitutionally protected property rights. Plaintiff is subject to continued enforcement actions affecting real property without sufficient lawful authority, implicating the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution.

Plaintiff, Dukhan Byrd, files this Objection, Notice, and Substantive Federal Claim, and states as follows:

Notice and Failure to Respond

COMPLAINT - 1

Plaintiff previously filed and served a Notice of Subrogation and Release of Mortgage, providing all parties with formal notice of disputed claims, asserted superior interest, and an opportunity to cure identified deficiencies.

The Notice required, among other things, production of the original note, a complete chain of title, a verified accounting, lawful authority to enforce, delivery of the deed, correction of property records, and correction of credit reporting information.

No party has produced the requested documentation. No party has cured the deficiencies. No party has released the mortgage, delivered the deed, or corrected the records. All parties have failed to respond or cure and continue to pursue or maintain enforcement actions affecting Plaintiff's property. This failure to respond and cure constitutes continued reliance upon disputed instruments and continued interference with Plaintiff's property rights.

Fraudulent Concealment and Defective Mortgage Instrument

The alleged mortgage transaction is disputed and is subject to claims of fraudulent concealment.The alleged loan was not supported by lawful consideration and constitutes an exchange of the Dependents's promissory note for electronic credits, resulting in no lawful debt.

The mortgage instrument is defective and does not reflect a valid bilateral agreement. The lien was created through administrative processing rather than lawful execution.

The promissory note was converted into a financial asset and transferred or securitized, resulting in separation between any alleged debt and the party attempting enforcement.

No original note or verified accounting has been produced to establish the existence of a lawful obligation.

The true nature of the transaction and handling of the instrument were not disclosed, constituting concealment of material facts.

COMPLAINT - 2

Violation of Constitutional Rights

Plaintiff's property rights are being affected without sufficient lawful authority, without a verified debt, and without proper evidentiary support.

Such actions constitute deprivation of property without due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution.

RICO Claim, 18 U.S.C. §§ 1962 and 1964

The parties enforcing the foreclosure action constitute an enterprise engaged in a pattern of racketeering activity affecting interstate commerce.

Defendants have used interstate mail and wire communications to transmit and rely upon documents and representations in furtherance of foreclosure actions.

Such acts include the use of disputed and unverified instruments to initiate and maintain enforcement actions affecting property rights.

The conduct described is repeated, coordinated, and ongoing, constituting a pattern of activity rather than isolated acts.

This pattern of activity has directly caused injury to Plaintiff's property and rights.

Opportunity to Cure and Liability Notice

All parties were provided with an opportunity to cure the deficiencies identified in the Notice of Subrogation and Release of Mortgage.

All parties failed to cure.

All parties are hereby placed on notice that continued enforcement after receipt of notice and opportunity to cure is undertaken with full knowledge of the disputed nature of the claims and

COMPLAINT - 3

instruments. Any continued enforcement is undertaken at the risk of the enforcing party and may subject such parties to liability for damages.

Relief Requested

Plaintiff requests that the Court recognize the failure of all parties to respond, cure, acknowledge the disputed nature of the mortgage and alleged debt, and grant such relief as is necessary to prevent continued interference with Plaintiff's property rights. Plaintiff further seek relief under federal law, including damages, costs, and equitable relief necessary to prevent and restrain continued violations.

Verification

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

RED ROCK FINANCIAL SERVICES, LLC
770 E. Warm Springs Rd, Suite 320
Las Vegas, NV 89119-4317

STEVEN B. SCOW (NV Bar. 9906)
KERRY P. FAUGHNAN (NV Bar. 12204)
KNOCH & SCOW LLC
11500 S. Eastern Ave., Suite 210
Henderson, NV 89052

STERNS LENDING, LLC
4 Hutton Centre Drive 10th Floor
Santa Ana, CA 92707

STEARNS LENDING LLC
P.O. BOX 26410
Santa Ana, CA 92799

STATE OF NEVADA
Aaron D. Ford (Attorney General)
100 North Carson Street,
COMPLAINT - 4

Carson City, NV, 89701

CLARK COUNTY DISTRICT COURT
(Eighth Judicial District Court)
Joe Hardy Jr. (Judge)
Steven B. Wolfson (District Attorney)
200 Lewis Avenue, Las Vegas,
Nevada, 89155.

MTC FINANCIAL INC.
Douglas Nunez
3571 Red Rock Street Suite A
Las Vegas, NV 89103

MORTGAGE ELECTRONIC REGISTRATION SERVICES
Kiersten Balch, Vice President
P.O. BOX 2026 Flint, Michigan 48501-2026

FREEDOM MORTGAGE CORPORATION
P.O. BOX 8001 Fishers, IN 46038-8001

TRUSTEE CORPS
17100 Gillette Ave
Irving, CA 92614

FREEDOM MORTGAGE CORPORATION
907 Pleasant Valley Avenue #3
Mount Laurel, NJ 08054

TRUSTEE CORPS
3571 Red Rock St Suite B
Las Vegas, NV 89103

BRECKENRIDGE PROPERTY FUND 2016, LLC
2015 Manhattan Beach Blvd. Suite 100
Redondo Beach, CA 90278

All other parties of record and unknown parties by method authorized by law

COMPLAINT - 5

## STATEMENT OF FACTS

Hi, to whom it may concern, I Dukhan Byrd am writing this letter on behalf of Fidelity Management Group & Services LLC who purchased as the highest bidder property (6145 Darnley North Las Vegas, NV 89081) and land legally described as CENTENNIAL AZURE UNIT 3 Plat BOOK 116 PAGE 75 LOT 195 of the official Records in the office of the County Recorder of Clark County from a public auction held 2-10-21 by Red Rock Financial Services (Trustee for Azure Manor/Ran De Homeowners Association) for $81,000 at the front entrance of the Nevada Legal located at 930 South Fourth Street, Las Vegas, NV 89101 where I gave the $81,000.00  in 4 cashier's checks ($50,000 $20,000 $10,000 $10,000 to expect a refund of $9,000 back by mail) to the auctioneer (James Vignale). I Dukhan Byrd on behalf of Fidelity Management Group & Services LLC wanted to clean up and renovate the unoccupied space at 6145 Darnley North Las Vegas, NV 89081, so I had the locks changed in February and started to clean it up. I want to say a few days later I went to 6145 Darnley Street and noticed someone changed the locks. I immediately called the locksmith back to show proof of ownership, then had the locks changed, but again for a second time I left and came back to find the locks changed. I knew this wasn't right. In NRS, I as a representative for Fidelity Management Group & Services LLC had the right to change the locks and enter as the title vested in the purchase, so I sought legal help and was told they couldn't find a problem or I was going to be charged an extraordinary amount of money to see if there was a problem within the purchase of the property. Unfortunately, this incident was sort of the tail end of coronavirus, where I did some surface

COMPLAINT - 6

cleaning, and I had to destroy certain files that were infected not knowing one of them contained both receipts as proof of paying the locksmith, but I do have a witness. 2-11-21 Inst#: 20210211-0002606, a Certificate of Sale was recorded with Clark County Recorder's Office showing the sale 2-10-21 of Parcel# 124-25-210-104 from Azure Manor/Rancho De Paz Homeowners Association to the highest bidder Dukhan Byrd at the sale for Fidelity Management Group & Services LLC and there was a 60-day redemption period that no one claimed. Upon no reply to the 60-day redemption period I, Dukhan Byrd on behalf Fidelity Management Group & Services LLC reached out to the lender. This took several months before I was able to speak with someone. When I did, I was told to contact Trustee Corps regarding the full balance due. As I Dukhan Byrd a representative for Fidelity Management Group & Services LLC  waited for the full amount due on the home I received the Foreclosure Deed by mail from Red Rock Financial Services 4-21-21 and I immediately recorded the Foreclosure Deed with Clark County Recorder's Office and at that time I paid the current taxes due on the home of $413.10. I Dukhan Byrd representative for Fidelity Management Group & Services LLC finally received a response 5-4-21 from Trustee Corps 3 days before MTC Financial Inc dba Trustee Corps sold the property (6145 Darnley Street) at a public auction May 7, 2021, to the highest bidder Breckinridge Property Fund for $289,000.00.

## CLAIMS

Defendants have subjected me to ongoing enforcement actions affecting my real property without sufficient lawful authority, thereby depriving me of due process protections guaranteed under the Fifth and Fourteenth Amendments to the United States Constitution. As a direct and proximate result of these actions, I have suffered significant financial losses and substantial interference with my property rights. Additionally, each Defendant's failure to timely respond,

COMPLAINT - 7

investigate, and remedy these deficiencies has further exacerbated these violations and caused continuing harm. Their actions and omissions have contributed to the unlawful deprivation of my property interests and have prevented me from obtaining a fair and meaningful opportunity to protect my rights. As a result, I have lost my home, suffered severe financial hardship, and endured considerable personal and emotional distress. I have also been compelled to devote countless hours to researching applicable laws, statutes, and legal procedures in an effort to preserve and defend my rights within the judicial system. These circumstances have imposed a substantial burden on my personal, financial, and emotional well-being, causing significant stress, anxiety, and hardship while undermining my confidence in the fairness and integrity of the legal process. The Defendants' conduct has resulted in ongoing damages, including economic losses, emotional distress, and the wrongful deprivation of constitutionally protected property interests, for which I seek all appropriate legal and equitable relief available under the law.

## 30 MILLION DOLLAR SUBSTANTIVE SUPPLEMENTAL COUNTERCLAIM PLEADING, STATEMENT OF CLAIMS, AND DEMAND FOR RELIEF UNDER FEDERAL LAW

STATEMENT OF CONSTITUTIONAL EMERGENCY

This matter presents an immediate and ongoing deprivation of constitutionally protected property rights, as established on the record through Plaintiff's prior filings, including the Objection to Failure to Respond, Notice of Fraudulent Concealment, and Substantive Federal Claim for Violation of Constitutional Rights, RICO, and Demand for Relief.

Plaintiff, Dukhan Byrd, files this Substantive Supplemental Pleading and states as follows:

No Lawful Debt:

No verified accounting has been produced to establish the existence of a lawful debt. The alleged loan is disputed and constitutes an exchange of Defendant's promissory note for electronic credits, resulting in no lawful obligation owed to any party asserting enforcement.

COMPLAINT - 8

No Original Note

No original promissory note has been produced. Without the original note and without a verified accounting of the alleged obligation, no party can establish a lawful right to enforce any debt or mortgage instrument.

Defective Mortgage Instrument

The mortgage instrument is defective and does not reflect a valid bilateral agreement. The instrument was processed and relied upon through administrative means and does not establish a lawful, enforceable obligation against Plaintiff's property.

Securitization and Separation of Interest The promissory note was converted into a financial asset and transferred or securitized. This process results in separation between any alleged debt and the party attempting enforcement, eliminating any lawful claim to enforce the obligation.

Fraudulent Concealment

Material facts regarding the nature of the transaction, the handling of the promissory note, and the structure of the alleged obligation were not disclosed. The concealment of these facts prevented full understanding of the transaction and constitutes fraudulent concealment.

Violation of Constitutional Rights

Plaintiff's property rights are being affected without sufficient lawful authority and without proper evidentiary support. Such actions constitute infringement and deprivation of property without due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution.

RICO Claim, 18 U.S.C. §§ 1962 and 1964

The parties enforcing the foreclosure action constitute an enterprise engaged in a pattern of racketeering activity affecting interstate commerce. Defendants have used interstate mail and wire communications to transmit and rely upon documents and representations in furtherance of

COMPLAINT - 9

foreclosure actions. Such conduct includes the use of disputed, unverified, and defective instruments to initiate and maintain enforcement actions against Defendant's property. The conduct is coordinated, repeated, and ongoing, constituting a pattern of racketeering activity, which has directly caused injury to Defendant's property and rights.

Causation and Injury

Plaintiff has suffered injury, including interference with property rights, clouding of title, and threat of loss of real property. These injuries are directly caused by the continued enforcement of a disputed and unverified obligation.

Demand for Relief

Plaintiff demands relief under federal law, including recognition that no lawful debt has been established, recognition that no party has demonstrated lawful authority to enforce the mortgage, prevention of further enforcement actions affecting Defendant's property, damages in the amount of 30 million dollars, costs, and all relief available under federal law, and any equitable relief necessary to prevent continued deprivation of property rights.

Verification

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

Respectfully submitted,

Date: 6/23/26

Sign Name: _____

Print Name: Dukhan Byrd

COMPLAINT - 10

**STATE OF NEVADA**
**COUNTY OF CLARK**

---

**AFFIDAVIT OF DUKHAN BYRD**

---

I, Dukhan Byrd, being competent to testify and having personal knowledge of the matters set forth herein, being first duly sworn under oath, hereby depose and state as follows:

1. I am the duly authorized representative of Fidelity Management Group & Services LLC, a limited liability company organized and existing under the laws of the State of Nevada.

2. On or about February 10, 2021, Fidelity Management Group & Services LLC, acting through me as its representative, acquired the real property commonly known as 6145 Darnley, North Las Vegas, Nevada 89081 (hereinafter the "Property"), at a public trustee's sale conducted by Red Rock Financial Services.

3. In connection with said purchase, I tendered the sum of Eighty-One Thousand Dollars ($81,000.00), paid by means of four (4) cashier's checks. The Certificate of Sale arising from this transaction was duly recorded with the Clark County Recorder's Office on February 11, 2021, under Instrument No. 20210211-0002606.

4. Following acquisition of the Property, I undertook efforts to clean, secure, and prepare the Property for use. However, my lawful right of access was repeatedly obstructed by the unauthorized alteration of door locks, thereby unlawfully depriving Fidelity Management Group & Services LLC of its rights as the rightful purchaser of the Property.

5. The Certificate of Sale was recorded on February 11, 2021. The statutory sixty (60)-day right of redemption period expired without any redemption having been exercised and without challenge by any party claiming an interest in the Property.

6. Despite delays in communicating with the beneficiary lender and Trustee Corps, the Trustee's Deed Upon Sale (foreclosure deed) was ultimately issued to Fidelity Management Group & Services LLC. Said deed was received on or about April 21, 2021, and was thereafter recorded following satisfaction of all outstanding property tax obligations.

7. Notwithstanding Fidelity Management Group & Services LLC's lawful acquisition of the Property, the Property was subsequently sold at a second public auction conducted on or about May 7, 2021, to Breckinridge Property Fund. This subsequent sale occurred without legal authority and in derogation of my client's vested property rights.

I declare under penalty of perjury under the laws of the State of Nevada that the foregoing is true and correct to the best of my knowledge and belief.

Signature: _____ Date: _____

6/17/26

Printed Name: Dukhan Byrd

Representative, Fidelity Management Group & Services LLC

---

**ACKNOWLEDGMENT**

State of Nevada

County of Clark

Subscribed and sworn to (or affirmed) before me on this 17th day of

_____ June _____, 20 26 ,

by Dukhan Byrd, proved to me on the basis of satisfactory evidence to be the person who appeared before me.

Notary Public: _____

My Commission Expires: 12 | 21 | 2029



MIGUEL ANGEL SALAZAR NUNEZ
Notary Public, State of Nevada
Appointment No. 21-2705-01
My Appt. Expires Dec 21. 2029

[NOTARY SEAL]