## EIGHTH JUDICIAL DISTRICT COURT
# CASE SUMMARY
### CASE NO. A-22-851152-C

2:26-cv-01897-RFB-BNW

| | | |
|---|---|---|
| Red Rock Financial Services, Plaintiff(s)<br>vs.<br>Rowena Thompson, Defendant(s) | §<br>§<br>§<br>§<br>§ | Location: **Department 15**<br>Judicial Officer: **Hardy, Joe**<br>Filed on: **04/14/2022**<br>Cross-Reference Case **A851152**<br>Number: |

---

### CASE INFORMATION

**Statistical Closures**
12/19/2023    Other Manner of Disposition

Case Type: **Other Civil Matters**

Case Status: **12/19/2023  Closed**



---

| DATE | CASE ASSIGNMENT | |
|---|---|---|
| | **Current Case Assignment**<br>Case Number     A-22-851152-C<br>Court     Department 15<br>Date Assigned     04/14/2022<br>Judicial Officer     Hardy, Joe | |

---

### PARTY INFORMATION

*Lead Attorneys*

| Plaintiff | **Red Rock Financial Services** | **Scow, Steven B.**<br>*Retained*<br>702-833-1100(W) |
|---|---|---|
| Defendant | **Fidelity Management Group & Services LLC**<br>Removed: 06/10/2022<br>Dismissed | |
| | **Freedom Mortgage Corporation**<br>Removed: 05/17/2022<br>Dismissed | |
| | **Mortgage Electronic Registration Services**<br>Removed: 05/17/2022<br>Dismissed | |
| | **MTC Financial Inc.** | **Brooks, Michael R.**<br>*Retained*<br>949-263-1800(W) |
| | **North Las Vegas City of** | |
| | **Stearns Lending LLC** | |
| | **Thompson, Rowena Olivia** | |
| | **Trustee Corps** | |
| Other | **Byrd, Dukhan** | |

---

| DATE | EVENTS & ORDERS OF THE COURT | INDEX |
|---|---|---|
| | **EVENTS** | |
| 04/14/2022 | 📄 Complaint in Interpleader<br>Filed By: Plaintiff Red Rock Financial Services<br>*[1] Complaint for Interpleader (NRCP 22)* | |

*Printed on 06/22/2026 at 3:25 PM*

EIGHTH JUDICIAL DISTRICT COURT
# CASE SUMMARY
### CASE NO. A-22-851152-C

04/19/2022    Initial Appearance Fee Disclosure
Filed By: Plaintiff Red Rock Financial Services
*[2] Initial Appearance Fee Disclosure*

04/19/2022    Clerk's Notice of Nonconforming Document
*[3] Clerk's Notice of Nonconforming Document*

04/19/2022    Summons Electronically Issued - Service Pending
Party: Plaintiff Red Rock Financial Services
*[4] Summons-Civil*

04/19/2022    Summons Electronically Issued - Service Pending
Party: Plaintiff Red Rock Financial Services
*[5] Summons-Civil*

04/19/2022    Summons Electronically Issued - Service Pending
Party: Plaintiff Red Rock Financial Services
*[6] Summons-Civil*

04/19/2022    Summons Electronically Issued - Service Pending
Party: Plaintiff Red Rock Financial Services
*[7] Summons-Civil*

04/19/2022    Summons Electronically Issued - Service Pending
Party: Plaintiff Red Rock Financial Services
*[8] Summons-Civil*

04/19/2022    Summons Electronically Issued - Service Pending
Party: Plaintiff Red Rock Financial Services
*[9] Summons - Civil*

04/19/2022    Summons Electronically Issued - Service Pending
Party: Plaintiff Red Rock Financial Services
*[10] Summons-Civil*

04/19/2022    Summons Electronically Issued - Service Pending
Party: Plaintiff Red Rock Financial Services
*[11] Summons-Civil*

04/20/2022    Clerk's Notice of Nonconforming Document and Curative Action
*[12] Clerks Notice of Nonconforming Document and Curative Action*

04/25/2022    Affidavit of Service
Filed By: Plaintiff Red Rock Financial Services
Party Served: Defendant North Las Vegas City of
*[13] Affidavit of Service - City of North Las Vegas*

04/26/2022    Affidavit of Service
Filed By: Plaintiff Red Rock Financial Services
Party Served: Defendant Freedom Mortgage Corporation
*[14] Affidavit of Service - Freedom Mortgage Corp*

04/26/2022    Affidavit of Service
Filed By: Plaintiff Red Rock Financial Services

     *Printed on 06/22/2026 at 3:25 PM*

**EIGHTH JUDICIAL DISTRICT COURT**
# CASE SUMMARY
### CASE NO. A-22-851152-C

Party Served:  Defendant  MTC Financial Inc.
*[15] Affidavit of Service - MTC Finanical Inc*

04/26/2022 | Affidavit of Service
Filed By:  Plaintiff  Red Rock Financial Services
Party Served:  Defendant  Stearns Lending LLC
*[16] Affidavit of Service - Sterns Lending LLC*

04/26/2022 | Notice
Filed By:  Defendant  MTC Financial Inc.
*[17] Notice of Disclaimer of Interest*

05/02/2022 | Disclaimer of Interest
Filed By:  Defendant  North Las Vegas City of
*[18] Disclaimer of Interest of City of North Las Vegas*

05/03/2022 | Affidavit of Service
Filed By:  Plaintiff  Red Rock Financial Services
*[19] Affidavit of Service*

05/03/2022 | Affidavit of Service
Filed By:  Plaintiff  Red Rock Financial Services
*[20] Affidavit of Service*

05/17/2022 | Stipulation and Order for Dismissal Without Prejudice
*[21] Defendants Mortgage Electronic Registration Services and Freedom Mortgage Corporation's Disclaimer of Interest and Stipulation and Order for Dismissal*

05/17/2022 | Notice of Entry of Order
Filed By:  Plaintiff  Red Rock Financial Services
*[22] Notice of Entry of Order*

05/17/2022 | Affidavit of Attempted Service
Filed By:  Plaintiff  Red Rock Financial Services
*[23] Affidavit of Attempts*

05/17/2022 | Affidavit of Attempted Service
Filed By:  Plaintiff  Red Rock Financial Services
*[24] Affidavit of Attempts*

06/07/2022 | Affidavit of Attempted Service
Filed By:  Plaintiff  Red Rock Financial Services
*[25] Affidavit of Attempts*

06/09/2022 | Affidavit of Attempted Service
Filed By:  Plaintiff  Red Rock Financial Services
*[26] Affidavit of Attempts*

06/10/2022 | Ex Parte Motion
Filed By:  Plaintiff  Red Rock Financial Services
*[27] Ex Parte Motion to Serve by Publication and for Extension of Time for Service to Allow Service by Publication*

06/10/2022 | Ex Parte Motion

*Printed on 06/22/2026 at 3:25 PM*

EIGHTH JUDICIAL DISTRICT COURT
# CASE SUMMARY
### CASE NO. A-22-851152-C

| | |
|---|---|
| | Filed By: Plaintiff Red Rock Financial Services<br>*[28] Ex Parte Motion to Serve by Publication and for Extension of Time for Service to Allow Service by Publication* |
| 06/10/2022 | Notice of Voluntary Dismissal Without Prejudice<br>Filed by: Plaintiff Red Rock Financial Services<br>*[29] Notice of Voluntary Dismissal Without Prejudice as to Fidelity Management Group & Services, LLC* |
| 06/10/2022 | Order for Publication<br>Filed By: Plaintiff Red Rock Financial Services<br>*[30] Order Granting Ex Parte Motion to Serve by Publication and for Extension of Time for Service to Allow Service by Publication* |
| 06/10/2022 | Order for Publication<br>Filed By: Plaintiff Red Rock Financial Services<br>*[31] Order Granting Ex Parte Motion to Serve by Publication and for Extension of Time for Service to Allow Service by Publication* |
| 06/13/2022 | Certificate of Mailing<br>Filed By: Plaintiff Red Rock Financial Services<br>*[32] Certificate of Mailing* |
| 06/13/2022 | Notice of Entry of Order<br>Filed By: Plaintiff Red Rock Financial Services<br>*[33] Notice of Entry of Order* |
| 06/13/2022 | Notice of Entry of Order<br>Filed By: Plaintiff Red Rock Financial Services<br>*[34] Notice of Entry of Order* |
| 06/13/2022 | Default<br>Filed By: Plaintiff Red Rock Financial Services<br>*[35] Default Against Stearns Lending LLC* |
| 07/12/2022 | Affidavit of Publication<br>Filed By: Plaintiff Red Rock Financial Services<br>*[36] Affidavit of Publication - Rowena Oliva Thompson* |
| 07/12/2022 | Affidavit of Publication of Summons<br>*[37] Affidavit of Publication* |
| 07/26/2022 | Application for Entry of Default<br>Filed By: Plaintiff Red Rock Financial Services<br>*[38] Application for Entry of Default Against Rowena Olivia Thompson* |
| 07/26/2022 | Declaration<br>Filed By: Plaintiff Red Rock Financial Services<br>*[39] Declaration in Support of Default Against Rowena Olivia Thompson* |
| 07/26/2022 | Application for Entry of Default<br>Filed By: Plaintiff Red Rock Financial Services<br>*[40] Application for Default Judgment Against Trustee Corp.* |
| 07/26/2022 | |

**EIGHTH JUDICIAL DISTRICT COURT**
# CASE SUMMARY
### CASE NO. A-22-851152-C

|  |  |
|---|---|
|  | Declaration<br>Filed By:  Plaintiff  Red Rock Financial Services<br>*[41] Declaration in Support of Default Against Trustee Corps* |
| 07/26/2022 | Default<br>Filed By:  Plaintiff  Red Rock Financial Services<br>*[42] Default - Rowena Olivia Thompson* |
| 07/26/2022 | Default<br>Filed By:  Plaintiff  Red Rock Financial Services<br>*[43] Default -Trustee Corps* |
| 07/29/2022 | Motion for Order<br>Filed By:  Plaintiff  Red Rock Financial Services<br>*[44] Motion for Order Directing Plaintiff to Interplead Funds and Allowing Discharge and<br>Withdrawal of Plaintiff* |
| 07/29/2022 | Clerk's Notice of Hearing<br>*[45] Notice of Hearing* |
| 09/16/2022 | Order<br>*[46] Order Directing Plaintiff to Interplead Funds and Allowing Discharge and Withdrawal of<br>Plaintiff* |
| 09/22/2022 | Notice of Entry of Order<br>Filed By:  Plaintiff  Red Rock Financial Services<br>*[47] Notice of Entry of Order* |
| 09/22/2022 | Notice of Compliance<br>Party:  Plaintiff  Red Rock Financial Services<br>*[48] Notice of Compliance* |
| 12/19/2023 | Order<br>*[49] Order* |
| 12/21/2023 | Notice of Entry of Order<br>*[50] Notice of Entry of Order* |
| 02/24/2026 | Motion to Release Funds<br>*[51] Motion for Release of Interpleaded Funds* |
| 04/23/2026 | Order Denying Motion<br>*[52] Order Denying Fidelity Management Group & Services, LLC's Motion for Release of<br>Interpleaded Funds* |
| 05/04/2026 | Notice of Entry of Order<br>*[53] Notice of Entry of Order* |
| 05/21/2026 | Notice<br>Filed By:  Other  Byrd, Dukhan<br>*[54] Notice of Subrogation and Release of Mortgage* |
| 06/05/2026 | Notice |

*Printed on 06/22/2026 at 3:25 PM*

EIGHTH JUDICIAL DISTRICT COURT
# CASE SUMMARY
### CASE NO. A-22-851152-C

Filed By: Other Byrd, Dukhan
*[55] Notice of Subrogation anbd Release of Mortgage*

## DISPOSITIONS

05/17/2022 **Order of Dismissal With Prejudice** (Judicial Officer: Hardy, Joe)
Debtors: Mortgage Electronic Registration Services (Defendant), Freedom Mortgage Corporation (Defendant)
Creditors: Red Rock Financial Services (Plaintiff)
Judgment: 05/17/2022, Docketed: 05/18/2022

06/10/2022 **Dismissal Pursuant to NRCP 41** (Judicial Officer: Hardy, Joe)
Debtors: Fidelity Management Group & Services LLC (Defendant)
Creditors: Red Rock Financial Services (Plaintiff)
Judgment: 06/10/2022, Docketed: 06/13/2022

## HEARINGS

08/29/2022 **Motion for Order** (3:00 AM) (Judicial Officer: Hardy, Joe)
*Motion for Order Directing Plaintiff to Interplead Funds and Allowing Discharge and Withdrawal of Plaintiff*
Minute Order - No Hearing Held;
Journal Entry Details:
*COURT ORDERED, Plaintiff's Motion for Order Directing Plaintiff to Interplead Funds and Allowing Discharge and Withdrawal of Plaintiff is hereby GRANTED, as unopposed pursuant to EDCR 2.20(e). Plaintiff is awarded $6,879.50 in past fees and costs and $500.00 for future fees and costs. Plaintiff's counsel shall prepare the written order, and submit the order to DC15inbox@clarkcountycourts.us. CLERK'S NOTE: This Minute Order was electronically served by Courtroom Clerk, Jessica Mason, to all registered parties for Odyssey File & Serve.//jm;*

09/25/2023 *CANCELED* **Status Check** (3:00 AM) (Judicial Officer: Hardy, Joe)
*Vacated*
*re deposited funds*

03/30/2026 **Motion** (3:00 AM) (Judicial Officer: Hardy, Joe)
**03/30/2026, 04/20/2026**
*Motion for Release of Interpleaded Funds*
Set Status Check;
Motion Denied;
Journal Entry Details:
*Dukhan Byrd present as a representative for Fidelity Management Group & Services LLC. Upon Court's inquiry, Mr. Byrd confirmed he is not an attorney. COURT ORDERED, Motion for Release of Interpleaded Funds DENIED, as Mr. Byrd is not an attorney and he is not qualified to represent entity.;*
Set Status Check;
Motion Denied;
Journal Entry Details:
*COURT ORDERED Fidelity Management Group & Services, LLC's Motion for Release of Interpleaded Funds, which was set for hearing in chambers on March 30, 2026, is hereby CONTINUED and set for hearing on April 20, 2026, at 9:00 a.m. in Department 15 (Courtroom 11D). CLERK'S NOTE: This Minute Order was electronically served by Courtroom Clerk, Francisco Reyes, to all registered parties for Odyssey File & Serve. /fr 3/30/26;*

| DATE | FINANCIAL INFORMATION |
|---|---|

**Defendant** MTC Financial Inc.

| | |
|---|---:|
| Total Charges | 223.00 |
| Total Payments and Credits | 223.00 |
| **Balance Due as of 6/22/2026** | **0.00** |

**Fees & Costs**

EIGHTH JUDICIAL DISTRICT COURT

# CASE SUMMARY
## CASE NO. A-22-851152-C

**Plaintiff** Red Rock Financial Services
Total Charges                                                        270.00
Total Payments and Credits                                           270.00
**Balance Due as of  6/22/2026**                                     **0.00**

**Trust Escheatments**
**Plaintiff** Red Rock Financial Services
Total Charges                                                     42,175.02
Total Payments and Credits                                       42,175.02
**Balance Due as of  6/22/2026**                                     **0.00**

**Plaintiff** Red Rock Financial Services
Interplead Funds Balance as of  6/22/2026                            **0.00**

*Printed on 06/22/2026 at 3:25 PM*

Sent from my iPhone

Begin forwarded message:



**From:** Dukhan Byrd <fidelitya1services@aol.com>
**Date:** June 12, 2022 at 1:18:17 PM PDT
**To:** Dukhan Byrd <fidelitya1services@aol.com>
**Subject: In Specifics Red Rocks Financial Services attorney Steve Scow abused his privileges as an assigned agent for Azure Manor by miss using excess proceeds time and time again that had been in contract between the borrower and the lender for payment toward default (breach of contract ) due to nonpayment of monthly fees from the borrower to the lender. Excess Proceeds that was to be paid to the lender towards balance due to FHA acknowledged and noticed through out the loan agreement before the date of default that led to an HOA foreclosure.**

In Specifics Red Rocks Financial Services attorney Steve Scow abused his privileges as an assigned agent for Azure Manor by miss using excess proceeds time and time again that had been in contract between the borrower and the lender for payment toward default (breach of contract ) due to nonpayment of monthly fees from the borrower to the lender. Excess Proceeds that was to be paid to the lender towards balance due to FHA acknowledged and noticed through out the loan agreement before the date of default that led to an HOA foreclosure.

Lenders and servicers have been addressing the issue of some Nevada courts ruling that a foreclosure sale by a homeowners association (HOA) "wipes out" a senior deed of trust. Since the date of our last legal alert on this issue in March 2013, litigation on that issue has exploded, with various courts, lenders, and servicers all taking different approaches.

There is another, related issue that is beginning to arise, of which lenders, servicers, and any parties with lien interests in Nevada properties should be aware. That issue is what happens when there are excess proceeds garnered through a foreclosure sale: are the foreclosing trustees fulfilling their statutory duties in disbursing funds?

In the context of an HOA foreclosure sale, the open-ended question (currently unanswered by the Nevada Supreme Court) is whether an HOA foreclosure sale extinguishes a senior deed of trust. If the senior deed of trust is extinguished, it is entitled to the excess proceeds. If it is not extinguished, and it remains senior and intact, then it is not entitled to such proceeds, because only "junior" interests that were extinguished are entitled to make a claim to funds.

Some foreclosing trustees are taking advantage of the judicial uncertainty of HOA "super lien" priority to pursue additional fees and costs from excess proceeds that would otherwise be unavailable to them if they simply follow the applicable statute. For example, in the HOA foreclosure context, the HOA's foreclosing trustees

are using the interpleader device to protect themselves from liability because they do not know whether the senior deed has or has not been extinguished by the foreclosure.

Foreclosing trustees in other contexts, however, are simply not following procedural devices in clear instances with no disputed claims over excess funds and are instead opting to file interpleader lawsuits. They do this even though, by statute, they can make written demands upon claimants to prove their claim, and if claimants do not respond, their claims are considered waived. Filing suit to interplead under the auspices that conflicting demands to proceeds exist—even without checking to see if there actually are competing claims—offers such trustees an incentive to interplead rather than follow statute, and to gain a potential windfall at the cost of rightful claimants to funds. The reason? By bringing an interpleader, there is a general presumption that the trustee and its lawyers are entitled to additional fees and costs directly out of the funds they have on hand to interplead.

Lenders, servicers, and lienholders should be aware of this trap for the unwary by knowing the statutes governing distribution of funds, the current status of their deed of trust, or other real estate liens. They should also be aware of any correspondence they receive from a trustee inquiring about lien or claim status, because a failure to timely respond may operate as a waiver of an otherwise enforceable right to funds.

Sent from my iPhone