

Dukhan Byrd
404 S Boulder Hwy
Henderson, NV 89015
(725)-400-6077
Fidelitya1enterprises@gmail.com
Pro Se Plaintiff

**UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA**

Dukhan Byrd,

vs.

REDROCK FIANCIAL SERVICES, LLC;
STEVEN B. SCOW; KERRY P. FAUGHNAN;
KNOCH & SCOW LLC; STEARNS LENDING LLC;
STATE OF NEVADA; CLARK COUNTY DISTRICT
COURT; MTC FINANCIAL INC.; MORTGAGE
ELECTRONIC REGISTRATION SERIVCES;
FREEDOM MORTGAGE CORPORATION; TRUSTEE
CORPS

Defendants

Case No. A-22-851152-C

Case No. 2:26-cv-01897-

**COMPLAINT**

## AMENDED OBJECTION TO FAILURE TO RESPOND, NOTICE OF FRAUDULENT CONCEALMENT, AND SUBSTANTIVE FEDERAL CLAIM FOR VIOLATION OF CONSTITUTIONAL RIGHTS, RICO, AND DEMAND FOR RELIEF

Statement of Constitutional Emergency

This matter presents an immediate and ongoing deprivation of constitutionally protected property rights. Plaintiff is subject to continued enforcement actions affecting real property without sufficient lawful authority, implicating the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution.

Plaintiff, Dukhan Byrd, files this Objection, Notice, and Substantive Federal Claim, and states as follows:

Notice and Failure to Respond

COMPLAINT - 1

Plaintiff previously filed and served a Notice of Subrogation and Release of Mortgage, providing all parties with formal notice of disputed claims, asserted superior interest, and an opportunity to cure identified deficiencies.

The Notice required, among other things, production of the original note, a complete chain of title, a verified accounting, lawful authority to enforce, delivery of the deed, correction of property records, and correction of credit reporting information.

No party has produced the requested documentation. No party has cured the deficiencies. No party has released the mortgage, delivered the deed, or corrected the records. All parties have failed to respond or cure and continue to pursue or maintain enforcement actions affecting Plaintiff's property. This failure to respond and cure constitutes continued reliance upon disputed instruments and continued interference with Plaintiff's property rights.

Fraudulent Concealment and Defective Mortgage Instrument

The alleged mortgage transaction is disputed and is subject to claims of fraudulent concealment.

The alleged loan was not supported by lawful consideration and constitutes an exchange of Defendant's promissory note for electronic credits, resulting in no lawful debt.

The mortgage instrument is defective and does not reflect a valid bilateral agreement. The lien was created through administrative processing rather than lawful execution.

The promissory note was converted into a financial asset and transferred or securitized, resulting in separation between any alleged debt and the party attempting enforcement.

No original note or verified accounting has been produced to establish the existence of a lawful obligation.

The true nature of the transaction and handling of the instrument were not disclosed, constituting concealment of material facts.

Violation of Constitutional Rights

COMPLAINT - 2

Plaintiff's property rights are being affected without sufficient lawful authority, without a verified debt, and without proper evidentiary support.

Such actions constitute deprivation of property without due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution.

RICO Claim, 18 U.S.C. §§ 1962 and 1964

The parties enforcing the foreclosure action constitute an enterprise engaged in a pattern of racketeering activity affecting interstate commerce.

Defendants have used interstate mail and wire communications to transmit and rely upon documents and representations in furtherance of foreclosure actions.

Such acts include the use of disputed and unverified instruments to initiate and maintain enforcement actions affecting property rights.

The conduct described is repeated, coordinated, and ongoing, constituting a pattern of activity rather than isolated acts.

This pattern of activity has directly caused injury to Plaintiff's property and rights.

Opportunity to Cure and Liability Notice

All parties were provided with an opportunity to cure the deficiencies identified in the Notice of Subrogation and Release of Mortgage.

All parties failed to cure.

All parties are hereby placed on notice that continued enforcement after receipt of notice and opportunity to cure is undertaken with full knowledge of the disputed nature of the claims and instruments. Any continued enforcement is undertaken at the risk of the enforcing party and may subject such parties to liability for damages.

COMPLAINT - 3

Relief Requested

Plaintiff requests that the Court recognize the failure of all parties to respond and cure, acknowledge the disputed nature of the mortgage and alleged debt, and grant such relief as is necessary to prevent continued interference with Defendant's property rights. Defendants further seek relief under federal law, including damages, costs, and equitable relief necessary to prevent and restrain continued violations.

Verification

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

RED ROCK FINANCIAL SERVICES, LLC
770 E. Warm Springs Rd, Suite 320
Las Vegas, NV 89119-4317

STEVEN B. SCOW (NV Bar. 9906)
KERRY P. FAUGHNAN (NV Bar. 12204)
KNOCH & SCOW LLC
11500 S. Eastern Ave., Suite 210
Henderson, NV 89052

STEARNS LENDING, LLC
5439 S. Durango Dr, Suite 300
Las Vegas, NV 89113

STATE OF NEVADA
Aaron D. Ford (Attorney General)
100 North Carson Street,
Carson City, NV, 89701

CLARK COUNTY DISTRICT COURT
(Eighth Judicial District Court)
Joe Hardy Jr. (Judge)
Steven B. Wolfson (District Attorney)
200 Lewis Avenue, Las Vegas,
Nevada, 89155.

COMPLAINT - 4

MTC FINANCIAL INC., (DBA TRUSTEE CORPS)
Douglas Nunez
3571 Red Rock Street Suite A
Las Vegas, NV 89103

FREEDOM MORTGAGE CORPORATION
10801 W. Charleston Blvd, Suite 560
Las Vegas, NV 89135

BRECKENRIDGE PROPERTY FUND 2016, LLC
2320 Potosi Street, Suite 130
Las Vegas, NV 89146

All other parties of record and unknown parties by method authorized by law

## STATEMENT OF FACTS

Hi, to whom it may concern, I Dukhan Byrd am writing this letter on behalf of Fidelity Management Group & Services LLC who purchased as the highest bidder property (6145 Darnley Steet North Las Vegas, NV 89081) and land legally described as CENTENNIAL AZURE UNIT 3 Plat BOOK 116 PAGE 75 LOT 195 of the official Records in the office of the County Recorder of Clark County from a public auction held 2-10-21 by Red Rock Financial Services ( Trustee for Azure Manor/Rancho De Paz Homeowners Association) for $81,000 at the front entrance of the Nevada Legal News located at 930 South Fourth Street, Las Vegas, NV 89101 where I gave the $81,000.00 in 4 cashier's checks ($50,000 $20,000 $10,000 $10,000 to expect a refund of $9,000 back by mail) to the auctioneer (James Vignale). I Dukhan Byrd on behalf of Fidelity Management Group & Services LLC wanted to clean up and renovate the

COMPLAINT - 5

unoccupied space at 6145 Darnley North Las Vegas, NV 89081, so I had the locks changed in February and started to clean it up. I want to say a few days later I went to 6145 Darnley Street and noticed someone changed the locks. I immediately called the locksmith back to show proof of ownership, then had the locks changed, but again for a second time I left and came back to find the locks changed. I new this wasn't right knowing in NRS, I as a representative for Fidelity Management Group & Services LLC, had the right to change the locks and enter as the title vested in the purchaser, so I sought legal help and was told they couldn't find a problem or I was going to be charged an extraordinary amount of money to see if there was a problem within the purchase of the property. Unfortunately, this incident was sort of the tail end of coronavirus, where I did some surface cleaning, and I had to destroy certain files that was infected, which contained both receipts as proof of paying the locksmith, but I do have a witness. 2-11-21 Inst#: 20210211-0002606, a Certificate of Sale was recorded with Clark County Recorder's Office showing the sale 2-10-21 of Parcel# 124-25-210-104 from Azure Manor/Rancho De Paz Homeowners Association to the highest bidder Dukhan Byrd at the sale for Fidelity Management Group & Services LLC and there was a 60-day redemption period that no one claimed. Upon no reply to the 60-day redemption period, I Dukhan Byrd on behalf Fidelity Management Group & Services LLC reached out to the lender and it took too much time before I was able to speak with someone and when I did I was told to contact someone with Trustee Corps regarding the full balance due. As

I Dukhan Byrd a representative for Fidelity Management Group & Services LLC  waited for the full amount due on the home I received the Foreclosure Deed by mail from Red Rock Financial Services 4-21-21 and I immediately recorded the Foreclosure Deed with Clark County Recorder's Office and at that time I paid the current taxes due on the home of $413.10. I Dukhan

COMPLAINT - 6

Byrd representative for Fidelity Management Group & Services LLC finally received a response 5-4-21 from Trustee Corps 3 days before MTC Financial Inc dba Trustee Corps sold the property (6145 Darnley Street) at a public auction May 7, 2021, to the highest bidder Breckinridge Property Fund for $289,000.00.

## CLAIMS

Plaintiff is subject to continued enforcement actions affecting real property without sufficient lawful authority, implicating the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution. As a result, I've suffered financial loss and wrongful interference with my property rights. Each defendant's failure to respond and cure these deficiencies further violated my rights and caused me harm. As a result, this has harmed me by losing my home, suffered severe financial damage and endured substantial personal distress which caused me to spend countless hours researching, suffering immense emotional destress, losing faith and preserving my rights within the court system that deepened my hardship.

## 30 MILLION DOLLAR SUBSTANTIVE SUPPLEMENTAL COUNTERCLAIM PLEADING, STATEMENT OF CLAIMS, AND DEMAND FOR RELIEF UNDER FEDERAL LAW

STATEMENT OF CONSTITUTIONAL EMERGENCY

This matter presents an immediate and ongoing deprivation of constitutionally protected property rights, as established on the record through Plaintiff's prior filings, including the Objection to Failure to Respond, Notice of Fraudulent Concealment, and Substantive Federal Claim for Violation of Constitutional Rights, RICO, and Demand for Relief.

Defendant, Dukhan Byrd, files this Substantive Supplemental Pleading and states as follows:

COMPLAINT - 7

No Lawful Debt:

No verified accounting has been produced to establish the existence of a lawful debt. The alleged loan is disputed and constitutes an exchange of Defendant's promissory note for electronic credits, resulting in no lawful obligation owed to any party asserting enforcement.

No Original Note

No original promissory note has been produced. Without the original note and without a verified accounting of the alleged obligation, no party can establish a lawful right to enforce any debt or mortgage instrument.

Defective Mortgage Instrument

The mortgage instrument is defective and does not reflect a valid bilateral agreement. The instrument was processed and relied upon through administrative means and does not establish a lawful, enforceable obligation against Plaintiff's property.

Securitization and Separation of Interest

The promissory note was converted into a financial asset and transferred or securitized. This process results in separation between any alleged debt and the party attempting enforcement, eliminating any lawful claim to enforce the obligation.

Fraudulent Concealment

Material facts regarding the nature of the transaction, the handling of the promissory note, and the structure of the alleged obligation were not disclosed. The concealment of these facts prevented full understanding of the transaction and constitutes fraudulent concealment.

Violation of Constitutional Rights

COMPLAINT - 8

Plaintiff's property rights are being affected without sufficient lawful authority and without proper evidentiary support. Such actions constitute deprivation of property without due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution.

RICO Claim, 18 U.S.C. §§ 1962 and 1964

The parties enforcing the foreclosure action constitute an enterprise engaged in a pattern of racketeering activity affecting interstate commerce. Defendants have used interstate mail and wire communications to transmit and rely upon documents and representations in furtherance of foreclosure actions. Such conduct includes the use of disputed, unverified, and defective instruments to initiate and maintain enforcement actions against Plaintiff's property. The conduct is coordinated, repeated, and ongoing, constituting a pattern of racketeering activity, which has directly caused injury to Defendant's property and rights.

Causation and Injury

Plaintiff has suffered injury, including interference with property rights, clouding of title, and threat of loss of real property. These injuries are directly caused by the continued enforcement of a disputed and unverified obligation.

Demand for Relief

Plaintiff demands relief under federal law, including recognition that no lawful debt has been established, recognition that no party has demonstrated lawful authority to enforce the mortgage, prevention of further enforcement actions affecting Plaintiff's property, damages in the amount of 30 million dollars, costs, and all relief available under federal law, and any equitable relief necessary to prevent continued deprivation of property rights.

"Notice is hereby given that the opposing parties are required to respond to this notice. The response must be submitted no later than ten (10) calendar days from the date of service. Failure to respond within the stated timeframe may result in further action without additional notice.

COMPLAINT - 9

Verification

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

Respectfully submitted,

Date: 7/15/2026 Sign Name: _____

Print Name _Dukhan Byrd_ State of _Nevada_

County of _Clark_

State of _NV_

County of _Clark_

On this _15th_ day of _July_ , 20_26_ before me, the undersigned Notary Public, personally appeared Dukhan Byrd, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged executing the same in accordance with its contents.

In witness whereof, I hereunto set my hand and official seal.

Notary Public Signature _Brittany Khoury_

COMPLAINT - 10



NOTARY PUBLIC
STATE OF NEVADA
County of Clark
BRITTANY KHOURY
Appt. No. 19-5595-01
My Appt. Expires May 23, 2027

COMPLAINT - 11