STEVEN B. SCOW (NV Bar No. 8830)
sscow@kskdlaw.com
Daniel G. Scow (NV Bar No. 14614)
dscow@kskdlaw.com
KING SCOW KOCH DURHAM LLC
11500 S. Eastern Ave., Suite 210
Henderson, NV 89052
Telephone: (702) 833-1100
Facsimile: (702) 833-1107

*Attorneys for Defendants Red Rock Financial Services, LLC; Steven B. Scow and Koch & Scow, LLC*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DUKHAN BYRD,<br><br>Plaintiff,<br>v.<br><br>RED ROCK FINANCIAL SERVICES, LLC; STEVEN B. SCOW; KERRY P. FAUGHNAN; KNOCH & SCOW LLC; STEARNS LENDING LLC; STATE OF NEVADA; CLARK COUNTY DISTRICT COURT; MTC FINANCIAL INC.; MORTGAGE ELECTRONIC REGISTRATION SERVICES; FREEDOM MORTGAGE CORPORATION; TRUSTEE CORPS,<br><br>Defendants. | Case No. 2:26-cv-01897-RFB-BNW<br><br>DEFENDANTS RED ROCK FINANCIAL SERVICES, LLC, STEVEN B. SCOW, AND KOCH & SCOW, LLC'S MOTION TO DISMISS AND MOTION TO STRIKE |

Defendants Red Rock Financial Services, LLC, Steven B. Scow, Koch & Scow, LLC (incorrectly named as Knoch & Scow LLC) hereby move, pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(6), and 12(f), to dismiss the Complaint [ECF No. 4] filed by Dukhan Byrd ("Plaintiff") and to strike portions thereof, and in support thereof state as follows:

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

This action is a new iteration of an alleged property dispute concerning the property located at 6145 Darnley Street, North Las Vegas, Nevada 89081 (the "Property"), arising out of a 2021 homeowners' association foreclosure sale and a subsequent, superior-lien foreclosure sale of the same Property. Plaintiff Dukhan Byrd ("Plaintiff") has recast that five-year-old dispute as an "Amended Objection to Failure to Respond, Notice of Fraudulent Concealment, and Substantive Federal Claim for Violation of Constitutional Rights, RICO, and Demand for Relief" (the "Complaint") [ECF No. 4], seeking $30,000,000 in damages. The Complaint's own caption bears both this Court's case number and a Clark County District Court case number, A-22-851152-C, and large portions of the Complaint (including a section that refers to Plaintiff as "Defendant" and is styled a "Counterclaim") appear to have been copied directly from filings made in that pre-existing state court action concerning the Property.

Defendants Red Rock Financial Services, LLC ("RRFS"), Steven B. Scow ("Scow"), and Koch & Scow, LLC ("K&S" incorrectly sued as Knoch & Scow LLC) (collectively, "Moving Defendants") move to dismiss the Complaint as against them, and in the alternative to strike portions of it, for at least the following independent reasons: (1) the Court lacks subject matter jurisdiction over Plaintiff's claims to the extent Plaintiff lacks standing to assert claims belonging to a non-party LLC and to the extent the Complaint seeks review of a state court judgment; (2) every claim asserted is time-barred on the face of the Complaint; (3) Plaintiff's constitutional claims fail because Moving Defendants are private parties who took no action under color of state law; (4) Plaintiff's civil RICO claim fails to plead an enterprise, a pattern of racketeering activity, or a cognizable, proximately caused injury; (5) the Complaint's undifferentiated allegations against "Defendants" collectively fail to give Moving Defendants fair notice of any claim against them individually; (6) Plaintiff's claims against Scow and Koch & Scow arise from protected

litigation conduct and are barred by Nevada's absolute litigation privilege; and (7) the substantive theories Plaintiff advances—that no "lawful debt" exists absent production of the "original note" and a "verified accounting," that securitization severs the right to enforce a mortgage, and similar theories—have been uniformly rejected by courts as a matter of law. The Complaint should be dismissed, or, in the alternative, Plaintiff should be required to provide a more definite statement, because it is an impermissible "shotgun" pleading. Additionally, specified portions should be stricken under Rule 12(f) as immaterial, impertinent, and scandalous.

## II. RELEVANT BACKGROUND

According to the Complaint, Plaintiff, acting "on behalf of" a non-party entity, Fidelity Management Group & Services LLC, purchased the Property as the highest bidder at a public auction held February 10, 2021, for $81,000, conducted by RRFS as trustee for the Azure Manor/Rancho De Paz Homeowners Association. (Compl. at 5:16–28.) A Certificate of Sale was recorded February 11, 2021, subject to a sixty-day statutory redemption period. (*Id.* at 6:13–18.) Plaintiff alleges that after the redemption period expired he received a Foreclosure Deed by mail from RRFS on April 21, 2021, and recorded it with the Clark County Recorder. (*Id.* at 6:23–28.) Plaintiff further alleges that he received a response from Trustee Corps on May 4, 2021—three days before MTC Financial Inc. d/b/a Trustee Corps sold the Property at a separate public auction on May 7, 2021, to the highest bidder, Breckenridge Property Fund 2016, LLC, for $289,000. (Compl. at 7:1–5.) Every fact Plaintiff pleads in support of his claims thus occurred, at the latest, in May 2021.

Plaintiff filed this Complaint on July 15, 2026, more than five years later, asserting purported violations of the Fifth and Fourteenth Amendments and civil RICO, 18 U.S.C. §§ 1962, 1964, against RRFS, Scow, Koch & Scow, and eight other defendants, including the State of Nevada, the Clark County District Court, and additional private parties involved at various points in the 2021 transactions. (Compl. at 1–4.) Neither Scow nor Koch & Scow is alleged to have taken any action with respect to the Property distinct from the

conduct attributed to "Defendants" collectively; no factual allegation in the Complaint describes any specific act by Scow or Koch & Scow at all.

## III. LEGAL STANDARD

### A. Standard for Rule 12(b)(1)

Pursuant to Rule 12(b)(1), a party may assert the defense of lack of subject-matter jurisdiction by way of motion at any time. *Fed. R. Civ. P. 12(b)(1), (h)(3)*. It is "presumed that a cause of action lies outside" a federal court's limited jurisdiction, "and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Where, as here, jurisdictional defects are apparent from the pleading itself, dismissal under Rule 12(b)(1) is appropriate without further factual development.

### B. Standard for Rule 12(b)(6)

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the presumption of truth and do not suffice. *Iqbal*, 556 U.S. at 678. Where a complaint's own allegations on its face establish that a claim is untimely, dismissal on limitations grounds is properly resolved under Rule 12(b)(6). *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010). Allegations sounding in fraud, including RICO predicate acts of mail or wire fraud, must satisfy the particularity requirement of Rule 9(b). *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1065–66 (9th Cir. 2004).

### C. Standard for Rule 12(f)

Rule 12(f) authorizes the Court to strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter," on motion or on its own. *Fed. R. Civ. P. 12(f)*. Matter is immaterial or impertinent where it has no essential or important

relationship to the claims for relief and does not pertain to the issues in question. *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994).

## IV. ARGUMENT

### A. The Court Lacks Subject Matter Jurisdiction Over Substantial Portions of the Complaint.

#### *1. Plaintiff Lacks Standing to Assert Claims Belonging to Fidelity Management Group & Services LLC*

The Complaint's own "Statement of Facts" establishes that the Property was purchased, held, and allegedly injured not in Plaintiff's individual capacity, but in the hands of "Fidelity Management Group & Services LLC," on whose behalf Plaintiff says he was acting throughout. (Compl. at 5:16–7:2.) It is well settled that a non-attorney may not represent a corporation, LLC, or other artificial entity pro se in federal court, even where the individual is the entity's sole member. *Rowland v. California Men's Colony*, 506 U.S. 194, 201–02 (1993); 28 U.S.C. § 1654. Plaintiff does not allege that he is a licensed attorney, and none appears of record. To the extent the real party in interest in this action is Fidelity Management Group & Services LLC rather than Plaintiff individually, the Complaint should be dismissed for lack of standing and capacity, or the claims belonging to that entity stricken, unless and until the entity appears through licensed counsel.

#### *2. The Complaint Is, in Substantial Part, an Improper Attempt to Relitigate a State Court Judgment*

The Complaint's caption bears the case number of a pending or concluded Clark County District Court action, No. A-22-851152-C, and a substantial portion of the Complaint—the section titled "30 Million Dollar Substantive Supplemental Counterclaim," which refers to Plaintiff as "Defendant"—appears to be recycled from a pleading filed in that state court action. (Compl. at 7:17–9:23.)[1] To the extent that action

[1] Moving Defendants respectfully request that the Court take judicial notice, pursuant to Fed. R. Evid. 201, of the docket and any orders or judgment entered in Case No. A-22-851152-C, to be lodged with the Court upon confirmation of the state court record.

resulted in a judgment resolving title to, or the right to possess, the Property, this federal Complaint, which asks the Court to declare that "no lawful debt has been established" and that "no party has demonstrated lawful authority to enforce the mortgage," and to prevent continued "enforcement actions" (Compl. at 9:19–23), is a direct invitation to review and reject that state court judgment. Federal district courts lack subject matter jurisdiction to sit in appellate review of state court judgments. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923); *Noel v. Hall*, 341 F.3d 1148, 1163–65 (9th Cir. 2003). Moving Defendants respectfully submit that the Rooker-Feldman doctrine, together with ordinary principles of claim and issue preclusion under 28 U.S.C. § 1738, independently warrant dismissal of the Complaint once the state court record is before the Court and raise the issue here to preserve it.

**B. Every Claim Asserted Against Moving Defendants Is Time-Barred.**

The Complaint's own factual narrative places every event on which it relies in early- to mid-2021: the auction and purchase on February 10, 2021 (Compl. at 5:20–25); the dispute over changed locks in February 2021 (*Id.* at 6:1–6); recording of the Foreclosure Deed on April 21, 2021 (*Id.* at 6:26–28); Trustee Corps' response on May 4, 2021; and the competing sale to Breckenridge Property Fund on May 7, 2021 (*Id.* at 7:1–5). This Complaint was filed July 15, 2026—more than five years after the last of these events.

Plaintiff's purported constitutional claims under the Fifth and Fourteenth Amendments, to the extent cognizable at all, would be governed by 42 U.S.C. § 1983, which borrows the forum state's personal injury limitations period. In Nevada, that period is two years. NRS 11.190(4)(e); *Perez v. Seevers*, 869 F.2d 425, 426 (9th Cir. 1989). More than five years elapsed between accrual and filing, well beyond the two-year period.

Plaintiff's civil RICO claim is subject to a uniform four-year statute of limitations that accrues upon discovery of the injury, not discovery of the full pattern of racketeering activity. *Agency Holding Corp. v. Malley-Duff & Assocs., Inc.*, 483 U.S. 143, 156 (1987); *Rotella*

*v. Wood*, 528 U.S. 549, 553–55 (2000). By Plaintiff's own account, he discovered his alleged injury—the loss of the Property to a competing foreclosure sale—no later than May 2021, and he was involved in state court matters concerning the Property by at least 2022, when Case No. A-22-851152-C commenced. The four-year period therefore expired well before this Complaint was filed in July 2026.

Because the dates establishing untimeliness are drawn entirely from Plaintiff's own pleading, the limitations defense is properly resolved on this motion. *Von Saher*, 592 F.3d at 969. To the extent Plaintiff invokes "fraudulent concealment" as a basis for tolling, the Complaint defeats that theory on its face: Plaintiff alleges he was already demanding the "original note," a "complete chain of title," and a "verified accounting"—the very facts he now says were concealed—before he ever received the Foreclosure Deed in 2021. (Compl. at 2:1–6.) A plaintiff who is contemporaneously asserting the predicate facts of alleged concealment cannot credibly claim he was prevented from discovering them years later.

### C. Plaintiff Fails to State a Constitutional Claim Because Moving Defendants Are Private Parties, Not State Actors.

RRFS, Scow, and Koch & Scow are private parties. RRFS acted as a private nonjudicial foreclosure trustee under NRS Chapter 116, and Scow and Koch & Scow are alleged, at most, to have acted as counsel in connection with foreclosure-related proceedings. (Compl. at 1–4.) A due process claim under the Fifth or Fourteenth Amendment requires state action. The Ninth Circuit has squarely held that Nevada's nonjudicial trustee's sale statutes do not convert a private foreclosure into state action sufficient to support a constitutional due process claim. *Charmicor, Inc. v. Deaner*, 572 F.2d 694, 695–96 (9th Cir. 1978); *accord Apao v. Bank of N.Y.*, 324 F.3d 1091, 1093–94 (9th Cir. 2003). The same is true of counsel who merely represent private parties in that process. Separately, the Fifth Amendment's Due Process Clause restrains the federal government, not private parties; the Complaint alleges no federal action whatsoever. For both reasons,

Plaintiff's constitutional claims against Moving Defendants fail as a matter of law and should be dismissed with prejudice.

**D. Plaintiff Fails to State a Civil RICO Claim.**

The Complaint's RICO count (Compl. at 3:6–17, 9:4–16) consists almost entirely of legal conclusions that track the statutory language—that "the parties enforcing the foreclosure action constitute an enterprise," that "Defendants have used interstate mail and wire communications," and that the conduct is "coordinated, repeated, and ongoing"—without a single supporting fact specific to any Moving Defendant. Such conclusory, formulaic recitations are insufficient under *Twombly* and *Iqbal*, and are especially deficient here given Rule 9(b)'s particularity requirement for the mail and wire fraud predicate acts on which the claim depends. *Edwards*, 356 F.3d at 1065–66.

The claim fails for at least three independent reasons. *First*, Plaintiff does not plead an "enterprise" distinct from Moving Defendants' ordinary trustee-and-counsel roles nor facts showing that any Moving Defendant participated in the "operation or management" of any such enterprise. *Reves v. Ernst & Young*, 507 U.S. 170, 179 (1993). *Second*, Plaintiff does not identify a single predicate act with the specificity Rule 9(b) requires. No dates, senders, recipients, or content of any mailing or wire transmission are included in the Complaint. Nor does the Complaint include facts establishing the relatedness and continuity necessary for a "pattern" of racketeering activity. *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 n.14 (1985); *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 239–43 (1989). *Third*, RICO requires a concrete injury to "business or property" proximately caused by the predicate acts. *Holmes v. SIPC*, 503 U.S. 258, 267 (1992). Plaintiff's damages narrative instead describes personal and emotional harm, "immense emotional destress [sic]," "losing faith," and "countless hours researching" (Compl. at 7:11–15), which is not recoverable under civil RICO and is not tied to any pled causal chain connecting a Moving Defendant's specific conduct to Plaintiff's $30,000,000 demand.

**E. The Complaint's Undifferentiated Group Pleading Fails to Provide Moving Defendants Fair Notice.**

Throughout the Complaint, factual assertions are directed at "Defendants" or "all parties" collectively, including eleven separately named parties occupying entirely different roles including an HOA trustee, individual attorney, law firm, lender, servicer, MERS, successor trustee, state court, and state officials. No paragraph attributes any specific act to Scow or Koch & Scow individually, as distinct from RRFS or any other defendant. Rule 8 requires that a complaint give each defendant fair notice of the claims against it and the grounds on which they rest. *Twombly*, 550 U.S. at 555. Undifferentiated allegations against multiple defendants performing different functions do not satisfy that standard. This defect independently requires dismissal of all claims against Scow, Koch & Scow, and RRFS to the extent any claim depends on conduct not factually attributed to it specifically.

**F. Plaintiff's Claims Against Scow and Koch & Scow Arise From Protected Litigation Conduct and Are Barred by Nevada's Absolute Privilege.**

To the extent the Complaint names Scow and Koch & Scow based on their role as counsel in connection with the foreclosure and related enforcement proceedings, Nevada recognizes an absolute privilege for communications and conduct undertaken in the course of judicial or quasi-judicial proceedings, which extends to attorneys acting on behalf of clients. *Circus Circus Hotels, Inc. v. Witherspoon*, 657 P.2d 101, 104–05 (Nev. 1983); *Fink v. Oshins*, 118 Nev. 428, 435, 49 P.3d 640, 644–45 (2002). Because the Complaint identifies no conduct by Scow or Koch & Scow other than their participation, as counsel, in the underlying foreclosure and enforcement process, any claim against them is barred on this independent ground. To the extent the claims are more properly characterized as arising from petitioning or litigation activity protected by Nevada's anti-SLAPP statute, Moving Defendants reserve the right to pursue a special motion to dismiss and an award of fees and costs under NRS 41.635 *et seq*.

**G. Plaintiff's Underlying Mortgage-Defense Theories Fail as a Matter of Law.**

Independent of the pleading defects above, the substantive theories recycled throughout the Complaint are the kind of "show-me-the-note," "vapor money," and securitization theories that federal and state courts have rejected with near-uniformity, including: that a loan lacks "lawful consideration" because it was an "exchange of a promissory note for electronic credits" (Compl. at 2:15–17, 8:2–5); that securitization or transfer of a note "separates" it from the right to enforce a mortgage (*Id.* at 2:20–22, 8:15–19); and that a party must produce the "original note" and a "verified accounting" before enforcing a mortgage instrument (*Id.* at 2:4–6, 8:6–10). These theories do not state a plausible claim regardless of the label—due process, fraudulent concealment, or RICO—under which they are asserted. Therefore, dismissal with prejudice rather than leave to amend is appropriate.

**H. In the Alternative, the Complaint Is an Impermissible Shotgun Pleading.**

If the Court does not dismiss outright, the Complaint independently qualifies as an impermissible "shotgun" pleading. It fails to separate claims into numbered counts, fails to identify which defendant is alleged to have done what, and interweaves narrative, unilateral demands, a "Notice" purporting to impose a ten-day response deadline, and a counterclaim copied from a separate state court proceeding into a single undifferentiated document that at different points refers to Plaintiff as both "Plaintiff" and "Defendant." This violates Rule 8(a)'s requirement of a "short and plain statement" and Rule 10(b)'s requirement that claims be stated in separately numbered paragraphs limited, so far as practicable, to a single set of circumstances. *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996); *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 673–74 (9th Cir. 1981). Moving Defendants respectfully request that, in the alternative to dismissal, the Court order Plaintiff to provide a more definite statement under Rule 12(e) that separately identifies each claim, the defendant(s) against whom it is asserted, and the specific factual basis for that claim.

**I. The Court Should Strike Improper Matter Under Rule 12(f).**

Regardless of the disposition of the foregoing arguments, the following portions of the Complaint should be stricken as immaterial, impertinent, or scandalous matter with no bearing on any claim properly before the Court:

- The self-executing "Notice" provisions purporting to require a response "no later than ten (10) calendar days from the date of service" on pain of "further action without additional notice" (Compl. at 9:25–28), and the similar "Opportunity to Cure and Liability Notice" section purporting to place "all parties" on notice that continued enforcement is undertaken "at the risk of the enforcing party" (*Id.* at 3:18–27). These self-styled administrative notice-and-default devices have no basis in the Federal Rules of Civil Procedure and serve only to create a misleading impression of default or waiver.
- The "Statement of Constitutional Emergency" headings and similarly inflammatory framing (Compl. at 1:19–24, 7:21–26), which add nothing but prejudice and confusion to a dispute over a 2021 property foreclosure.
- The duplicative verification and notary blocks and the internally inconsistent references to Plaintiff as both "Plaintiff" and "Defendant" (*compare* Compl. at 1, with *id.* at 7:27–8:1), which are redundant and confusing.

**V. CONCLUSION**

For the foregoing reasons, Moving Defendants respectfully request that the Court dismiss the Complaint as against them, with prejudice, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6); or, in the alternative, strike the portions of the Complaint identified above pursuant to Fed. R. Civ. P. 12(f), and order Plaintiff to file a more definite statement pursuant to Fed. R. Civ. P. 12(e); together with such other and further relief as the Court deems just and proper.

DATED: August 18, 2026

KING SCOW KOCH DURHAM LLC

By: /s/ Steven B. Scow
STEVEN B. SCOW
DANIEL G. SCOW
*Attorneys for Defendants Red Rock Financial Services, LLC; Steven B. Scow and Koch & Scow, LLC*