STEELE, LLP
Edgar C. Smith, Esq., Bar No.: 5506
3571 Red Rock Street
Las Vegas, NV 89103
Phone (949) 222-1161
Facsimile: (949) 221-9500
Email: esmith@steelellp.com
Attorney for *MTC Financial, Inc. dba Trustee Corps*

**UNITED STATES DISTRCT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DUKHAN BYRD,<br><br>Plaintiff,<br><br>vs.<br><br>REDROCK FINANCIAL SERVICES, LLC; STEVEN B. SCOW; KERRY P. FAUGHNAN; KNOCK & SCOW LLC; STERNS LENDING, LLC; STATE OF NEVADA; CLARK COUNTY DISTRICT COURT; MTC FINANCIAL INC.; MORTGAGE ELECTRONIC REGISTRATION SERVICES; FREEDOM MORTGAGE CORPORATION; TRUSTEE CORPS<br><br>Defendants. | Case No.: 2:26-cv-01897-RFB-BNW<br><br>**DEFENDANT MTC FINANCIAL, INC. dba TRUSTEE CORPS' NOTTICE OF JOINDER TO:**<br>*DEFENDANTS RED ROCK FINANCIAL SERVICES, LLC, STEVEN B. SCOW, AND KOCH & SCOW, LLC'S MOTION TO DISMISS AND MOTION TO STRIKE*<br><br>**AND**<br><br>**REQUEST FOR JUDICIAL NOTICE** |

**COMES NOW**, Defendant *MTC Financial, Inc. dba Trustee Corps* ("MTC"), by and through its counsel, Edgar C. Smith, Esq. of STEELE, LLP, and hereby submit this Notice of Joinder ("Joinder") and thereby joins in the request for dismissal with prejudice by Defendants *RED ROCK FINANCIAL SERVICES, LLC, STEVEN B. SCOW, AND KOCH & SCOW, LLC'S* ("Defendants," collectively, or "RRFS" and "Steven Scow," individually) in the *MOTION TO DISMISS AND MOTION TO STRIKE* ("Motion to Dismiss").

In addition to the statement of facts and arguments presented by Defendants in their Motion to Dismiss, MTC requests that the court take judicial notice of facts and events that are readily ascertainable through public records, specifically the actions taken by Plaintiff Dukhan Byrd ("Plaintiff") and pleadings in the Eighth Judicial District Court of Clark County, Nevada.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

As indicated by Plaintiff's original complaint (as well as the various amended complaints) RRFS filed an interpleader action in the Eighth Judicial District Court of Nevada for the County of Clark as Case No.: A-22-851152-C ("Interpleader").

MTC is a disinterested party within the meaning of NRS 107.029, and MTC believes it is being sued in its capacity as non-judicial foreclosure trustee, or for no other reason than because MTC was included as a named defendant in the Interpleader, and not because Plaintiff has any colorable claims against MTC or Defendants in this matter. *See* ECF DOC 1-3.

## II. FACTS

1. On April 14, 2022, RRFS filed the Interpleader concerning excess proceeds generated from a non-judicial foreclosure proceeding. *See* Exhibit 1.

2. On September 16, 2022, an order directing RRFS to interplead the funds and allowing discharge and withdrawal was entered. *See* Exhibit 2.

3. On December 19, 2023, the court entered an order directing the clerk of the court to prepare a report of abandoned property and submit the interplead funds to the State of Nevada Unclaimed Property Division. *See* Exhibit 3.

4. On February 24, 2026, more than two years AFTER the court in the Interpleader ordered the funds abandoned, Plaintiff filed a *MOTION FOR RELEASE OF INTERPLEADED FUNDS* ("Motion for Release") on behalf of Fidelity Management Group & Services, LLC ("Fidelity"), and signed the pleading as an "Authorized Representative." *See* Exhibit 4.

5. On April 20, 2026, a hearing was held in the Interpleader regarding Plaintiff's Motion for Release. Plaintiff was advised at that time that he could not represent Fidelity and that they would need to retain legal counsel. *See* Exhibit 5.

6. On April 23, 2026, an order denying the Motion for Release was entered, which reiterated that Plaintiff is not an attorney. *See* Exhibit 6.

///

## III. <u>LEGAL STANDARD</u>

### A. Standard of Review: Joinder and Dismissal.

MTC submits this Joinder pursuant to Fed. R. Civ. P. 20(a)(2) which succinctly states, "…a party may be joined in one action as a defendant if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transaction or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Courts have routinely stated that Rule 20 "is to be construed liberally in order to promote trial convenience and to expedite the final determination of disputes, thereby preventing multiple lawsuits." *Slep-Tone Entm't Corp. v. Ellis Island Casino & Brewery*, No. 2:12-CV-00239-KJD-NJK, 2013 U.S. Dist. LEXIS 17967, at *4 (D. Nev. Feb. 11, 2013), citing to *League to Save Lake Tahoe*, 558 F.2d at 917 (9th Cir.1977), citing *Mosley v. General Motors Corp.*, 497 F.2d 1330 (8th Cir.1974). As a substituted trustee under a deed of trust, MTC's defense necessarily follows the lender's defense, or in this instance, the defense of RRFS, albeit MTC does not have the same exposure, removed in both time and space from the underlying dispute.

Dismissal is proper when a complaint exhibits a "(1) lack of a cognizable legal theory or (2) the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). Under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), a plaintiff must allege "enough facts to state a claim of relief that is plausible on its face," so the defendant receives "fair notice of what the … claim is and the grounds upon which it rests." *Twombly* at 570. A plaintiff must plead factual content allowing the court to draw the reasonable inference that defendant is liable for the misconduct alleged. *Iqbal* at 678. The court will not accept "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id*.

### B. Request for Judicial Notice.

MTC requests that the court take judicial notice to the exhibits included herewith, pursuant to Fed. R. Civ. P. 12(b)(6) and Fed. R. Evid. 201. "Generally, district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6)

of the Federal Rules of Civil Procedure." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). "There are two exceptions to this rule: the incorporation-by-reference doctrine, and judicial notice under Federal Rule of Evidence 201." *Id*. We address each in turn, starting with judicial notice.

Fed. R. Evid. 201 permits a court to take judicial notice of an adjudicative fact that is "not subject to reasonable dispute because it: (1) is generally known . . . or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The Court "must take judicial notice if a party requests it and the court is supplied with the necessary information." *Id*. 201(c)(2). The Court may consider such documents "at any stage of the proceeding," *id*. 201(d), "even if they are not referenced in the pleading, so long as they meet the requirements for judicial notice set forth in Federal Rule of Evidence 201." *Cement Masons & Plasterers Joint Pension Tr. v. Equinix, Inc*., No. 11-01016 SC, 2012 WL 685344, at *8 n.5 (N.D. Cal. Mar. 2, 2012). A court may take judicial notice of "matters of public record" without converting a motion to dismiss into a motion for summary judgment. *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986).

"[I]ncorporation-by-reference is a judicially created doctrine that treats certain documents as though they are part of the complaint itself. The doctrine prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Khoja*, 899 F.3d at 1002 (citation omitted). "[A] defendant may seek to incorporate a document into the complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Id*. (quotation omitted). A court "may assume [an incorporated document's] contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (quotation omitted).

///

///

///

///

## IV. ARGUMENT

With many pro se litigants turning to generative AI in lieu of engaging traditional legal counsel[1], individuals who would have otherwise deferred to professional acumen have fallen victim to, and are imbued by, a false sense of competence with both routine and complex legal matters. Furthermore, these individuals are unable to distinguish when the AI system has generated a pleading that is no better than incoherent ramblings, or if the AI system has provided a genuine issue worthy of review and response.

Plaintiff has included as an exhibit to his complaint, an email to and from himself, which is ostensibly a prompt and response from a generative AI system, and is a good indicator that Plaintiff is at least utilizing generative AI for his pleadings, if not solely relying on generative AI for legal guidance. *See* ECF DOCs 1 and 1-3.

Here, Plaintiff is a vexatious litigant as evidenced by his actions, and is willfully and intentionally practicing law without a license. The Hon. Judge Hardy presiding over the Interpleader has already warned Plaintiff that he cannot practice law without a license, and that Fidelity needs to retain legal counsel. *See* Exhibits 5 and 6.

Not only does Plaintiff lack standing, but he is also without substantive argumentation, does not have proper legal citations, and is not demonstrating a sound understanding of court procedures. Plaintiff is draining the resources of the court and wantonly increasing the expenses of MTC and Defendants in the instant case.

While MTC remains a disinterested party, consistent with its designation as trustee and within the bounds of NRS 107.029, MTC is still negatively affected by these filings and must expend time and resources to investigate the veracity of the claims, however spurious they may be. If filing a separate motion was not a further and unnecessary drain on Defendant's resources in this matter, MTC would also be seeking Rule 11 sanctions.

///

///

---

[1] Big Law Grapples With AI-Fueled Pro Se Surge, Rising Legal Costs (https://news.bloomberglaw.com/business-and-practice/big-law-grapples-with-ai-fueled-pro-se-surge-rising-legal-costs)

**WHEREFORE**, MTC respectfully requests that the Court Dismiss Plaintiff's Complaint in its entirety, with prejudice, and for any such other relief the Court may deem appropriate.

**DATED**: August 19, 2026

Respectfully submitted,
STEELE, LLP
By: /s/ *Edgar C. Smith, Esq.*
Edgar C. Smith, Esq.
Counsel *MTC Financial, Inc. dba Trustee Corps*

**CERTIFICATE OF ELECTRONIC SERVICE**

I, Mathew Kane, declare:

I am a citizen of the United States and employed in Clark County, Nevada. I am over the age of eighteen years and not a party to this action. My business address is 3571 Red Rock St., Las Vegas, NV 89103. On August 19, 2026, I caused to be served a copy of the **DEFENDANT MTC FINANCIAL, INC. dba TRUSTEE CORPS' NOTICE OF JOINDER TO:** *DEFENDANTS RED ROCK FINANCIAL SERVICES, LLC, STEVEN B. SCOW, AND KOCH & SCOW, LLC'S MOTION TO DISMISS AND MOTION TO STRIKE* **AND REQUEST FOR JUDICIAL NOTICE** by electronic transmission through the Court's electronic filing system upon the parties who are registered and listed as an electronic case filing user with the Clerk.

I declare under penalty of perjury under the law of the State of Nevada and the United States that the foregoing is true and correct.

*/s/Mathew Kane*______
Mathew Kane, employee of Steele, LLP